UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jeremy Birmingham,

    Plaintiff,

v.                                                          Civil Action No. 17-13049

GC Services, LP, *et al.*,                        Sean F. Cox
                                                                   United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER
## GRANTING MOTIONS FOR MORE DEFINITE STATEMENT

This case involves a *pro se* Plaintiff who filed a claim affidavit in small claims court, in state court, that indicated he was asserting claims under the federal Fair Debt Collection Practices Act ("FDCPA") against two Defendants. The matter is before the Court on Motions for More Definite Statement filed by Defendants, who removed the matter to federal court. As explained below, the Court shall GRANT the motions to the extent that the Court shall order Plaintiff to file a complaint that provides basic information about this claims against Defendants, and indicates whether or not he demands a jury trial.

## BACKGROUND

Acting *pro se*, Plaintiff Jeremy Birmingham filed an "Affidavit and Claim" in small claims court in the 40th Judicial District in Michigan stating that the reasons for the claim are "Breach of contract, misrepresentation, fraud, damage to credit worthiness, various FDCPA violations" and seeking $4,500.00 in damages. (D.E. No. 1-2 at Pg ID 10). Plaintiff named two Defendants: 1) GC Services, LP ("GC"); and 2) Nelnet Loan Services, Inc. ("Nelnet").

1

Thereafter, Defendant GC removed the matter to this Court, asserting that this Court has federal question jurisdiction over any claims brought under the FDCPA and asking this Court to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

In an Order issued on September 28, 2017, this Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims were remanded to state court. Only Plaintiff's FDCPA claims remain in this federal case.

Defendants both filed Motions for More Definite Statement (Docket Entry Nos. 11 & 12) in this case.

On October 11, 2017, this Court scheduled a hearing on both of those Motions for More Definite Statement for December 14, 2017.

This Court ordered Plaintiff to file a response to those motions by October 19, 2017. (*See* Docket Entry No. 17). After Plaintiff failed to respond to the motions, this Court issued a Show Order. Plaintiff finally filed a response to the Show Cause Order on or about November 28, 2017. (Docket Entry No. 21).

**ANALYSIS**

At the time they filed their motions, this Court had not yet remanded Plaintiff's state-law claims back to state court. Thus, their motions address all the claims. But now, the only claims that remain in this Court are Plaintiff's FDCPA claims. So the Court need only consider the Motions for More Definite Statement as they relate to Plaintiff's FDCPA claims.

Defendant Netnet's motion notes that while Defendant has sued two Defendants, Plaintiff has not identified which claims are asserted against which Defendant. It also observes that the "complaint" Plaintiff filed (which was simply a small claims court form) does not set forth

2

factual allegations supporting the claims. Netnet argues that "[t]o the extent the Plaintiff alleges violation of the FDCPA," it seeks "the details of the provisions of the FDCPA that were allegedly violated, and how Nelnet allegedly violated them." (Nelnet's Motion at 4). Defendant GC's Motion for More Definite Statement makes the same arguments.

This Court held a hearing on Defendants' motions, as scheduled, on December 14, 2017. Although he had notice of the hearing, Plaintiff failed to appear for the hearing.

Rule 12(e) of the Federal Rules of Civil Procedure governs motions for more definite statement and provides:

> (e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

Judges in this district have noted that, generally speaking, motions for more definite statement are somewhat disfavored. *See, e.g., Robinson v. Genesee Cty. Sheriff's Dept.*, 2017 WL 1105060 (E.D. , J. Luddington Mich. 2017). That is because pleadings are typically sufficient if they provide defendants with notice of the claims asserted and that "ambiguities or vagueness in the complaint should be cured through discovery, not motion practice." *Id.*

Here, however, Plaintiff initiated suit against Defendants via a small claims court affidavit that included just a single sentence listing the causes of action. It includes no factual allegations and does not even apprise Defendants as to which claims are asserted against which Defendants.

3

Accordingly, this Court **GRANTS** the motions to the extent that the Court **ORDERS** that, no later than **January 19, 2018**, Plaintiff shall file a complaint that: 1) identifies whether his FDCPA claims are asserted against Defendant GC Services, LP, Defendant Nelnet Loan Services, Inc., or both; 2) includes facts supporting the claims against each Defendant, including the time period in which the events giving rise to his claims occurred; and 3) indicates whether or not Plaintiff demands a jury trial.

**The Court cautions Plaintiff that failure to comply with this Order, or failure to appear for any future hearings or conferences, may result in his claims being dismissed for failure to prosecute.**

**IT IS SO ORDERED.**

Dated:  December 27, 2017　　　　　　　　　　　s/Sean F. Cox
　　　　　　　　　　　　　　　　　　　　　　　Sean F. Cox
　　　　　　　　　　　　　　　　　　　　　　　U. S. District Judge

I hereby certify that on December 27, 2017, the foregoing document was served on counsel of record via electronic means and upon Jeremy Birmingham via First Class mail at the address below:

Jeremy Birmingham
21108 Hoffman Street
St. Clair Shores, MI 48082

　　　　　　　　　　　　　　　　　　　　　　　s/J. McCoy
　　　　　　　　　　　　　　　　　　　　　　　Case Manager